UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DONALD WAYNE LAMOREAUX, *Petitioner*, | ) ) ) | CASE NO. 3:24-CV-01974 (KAD) |
| v. | ) ) | |
| PUZIO, *Respondent*. | ) ) | JANUARY 27, 2025 |

## ORDER DENYING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS*
### (ECF NO. 13)

Kari A. Dooley, United States District Judge:

Before the Court is Petitioner Donald Lamoureaux's Motion for Leave to Proceed *in forma pauperis*. He requests to proceed in this habeas action, brought pursuant to 28 U.S.C. § 2241, without paying the $5 filing fee. Pet'r.'s Mot., ECF No. 13. For the following reasons, this motion is DENIED.

It is well settled that the decision to proceed *in forma pauperis* in civil cases is committed to the sound discretion of the district court. *See Rahimi v. Sec'y of Navy*, No. 3:19-CV-01852 (JAM), 2019 WL 6529458, at *2 (D. Conn. Dec. 4, 2019). In exercising this discretion, the Court must determine whether the burden of paying the fees for filing and service would either hamper the petitioner's ability to obtain the necessities of life or force him to abandon the action. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948); *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (*per curiam*).

Lamoureaux states in his Motion for Leave to Proceed *in forma pauperis* that he receives $175 per month in VA disability benefits. Pet'r.'s Mot. at 1. Lamoureaux also reports having $183.99 in his checking or savings account. *Id.* at 2. Lamoureaux lists no debts, financial obligations, or dependents. *See id.* Given Lamoureaux's cash on hand, the monthly VA disability

payments he receives, and his lack of expenses, the Court finds that the burden of paying the $5 filing fee would neither hamper Lamoureaux's ability to obtain the necessities of life nor force him to abandon the action. *Adkins*, 335 U.S. at 339–40. Accordingly, Lamoureaux's Motion for Leave to Proceed *in Forma Pauperis* is DENIED. *See Clark v. Pappoosha*, No. 3:21CV1690 (CSH), 2022 WL 960296, at *2 (D. Conn. Mar. 30, 2022) (finding that plaintiff could pay the $402 filing fee when he had $492.70 in his trust account); *Koustas v. Williams*, No. 3:18-CV-869 (VLB), 2019 WL 8112458, at *5 (D. Conn. May 22, 2019) (finding that § 2241 petitioner was able to pay the required filing fee based on the total amount in his inmate account and his monthly income).

All further proceedings in this matter shall be held in abeyance for twenty (20) days pending Lamoureaux's delivery of the filing fee in the amount of $5 (money order or bank check made payable to the Clerk of Court) to the Clerk's Office, 915 Lafayette Boulevard, Bridgeport, CT 06604.

Failure to tender the filing fee within twenty (20) days of the date of this Order, on or before **February 17, 2025**, will result in the dismissal of this action.

**SO ORDERED** at Bridgeport, Connecticut, this 27th day of January 2025.

                                                 /s/ Kari A. Dooley
                                                 KARI A. DOOLEY
                                                 UNITED STATES DISTRICT JUDGE